Anderson, J.
The court is of opinion that the plaintiff, below had, and still has, upon the case made by his bill, a plain and adequate remedy at law, by motion, on reasonable notice, to quash the execution in the circuit court which rendered the judgment, or before the judge thereof in vacation. (Code of 1873, p. 1178, § 40.) And nothing appearing on the face of his bill, or in the pleadings or evidence, from which it could be inferred that his remedy at law would be unavailing or inadequate, and that there was a necessity for invoking th,e aid of a court of equity, upon the authority of Morrison v. Speer, 10 Gratt. 338, and Beckley v. Palmer, n Gratt. 635, the court of chancery had no jurisdiction to hear and determine his case. In the former case Judge Daniel, who delivered the opinion concurred in by the other judges, *says: “I can see nothing in this case on which to ground the jurisdiction of a court of chancery. The original bill sets out a single execution, and payments made to the sheriff in satisfaction of it, which had not been fully credited. No reason is alleged why the appellee had not applied, or might not still apply to a court of law from which the execution issued to remedy the injustice of which he complained; and there is an entire absence from the case of those peculiar features which induced this court, in the case of Crawford v. Thurmond, 3 Leigh 85, to sanction the interference of the chancellor.” Every word of the foregoing remarks might be spoken with equal appropriateness to this case as to that, except that the payments are alleged in this case to have been made to the judgment plaintiff’s attorney instead of to the sheriff, as in that — an immaterial difference.
In the other case the opinion was delivered by Judge Lee, in which Moncure and Sam-uels J’s, concurred — a majority of the whole court. Neither of the other judges dissented. Allen, J., concurred in affirming the decree, upon another ground stated in the opinion, but expressed no dissent to the opinion on this ground. Daniel concurred in affirming, but does not say on what grounds. In the opinion, Judge Lee says: “I apprehend a party to be entertained in a court of equity upon a case of this character ought to allege some reason why its aid is invoked, instead of seeking his remedy in the court of law. It should appear that the latter could afford him no remedy, or an inadequate one, or that he had been deprived of the opportunity of seeking it without any default on his part, or some circumstance should be shown, furnishing a reason for withdrawing the matter from the cognizance of the appropriate tribunal, and carrying it into the court of chancery.” And as the judge said in that case, it may be said in this: “nothing *of the kind is shown here; but for aught that appears, the matter might have-been as well tried (in this case, we think, better tried), and as full redress afforded in the court of law as in the court of chancery.”
Judge Lee then says the case of Crawford v. Thurmond, supra, is not in conflict with the foregoing views. “That case,” he says, “involved several complicated questions of law and fact stated in the opinion of Judge Carr, and which he thought could be better tried in the court of chancery than the law court, and there was an equitable right involved more appropriate for the jurisdiction of the former tribunal than the, latter.” This is an authoritative judicial interpretation of that case. There are no such reasons for entertaining chancery jurisdiction in this. There is no equitable right involved here more appropriate for the jurisdiction of a court of chancery than a court of law, and there are no complicated questions of law and fact which could better tried in the former court than in the latter. On the contrary, the questions of fact are not complicated, but their solution depends on testimony which is very conflicting, and the court of law may better evolve the truth by having the witnesses before it, observing their manner o.f giving their testimony, their intelligence, their bearing and moral tone, the agreement of the testimony with the probabilities of the case, and from these circumstances, and their general standing in the community, may be better qualified to decide what weight should be given to their testimony respectively.
In this there was no demurrer to the bill for want of jurisdiction or plea to the jurisdiction. But the bill does not show on its face proper matter for the jurisdiction of a court of chancery. Section 20 of chap. 167, p. 1092, Code of 1873, which allows no exception for want of jurisdiction, unless it be taken by plea in abatement, is applicable only when the bill shows on its face proper *matter for the jurisdiction of the court. When the bill or the whole record does not make a case which gives the court jurisdiction, it is bound to notice it, whether it be the court of trial or the appellate court, although no exception has been taken to its jurisdiction. No court can hear and determine a cause of which it has no jurisdiction. Hence objection may be made for the first time to the jurisdiction in the appellate court where the want of jurisdiction appears on the face of the bill and proceedings. It is the policy of our-law that the 'two jurisdictions should be *487 kept separate, and it is important that the decisions drawing the line of separation between them should be uniform and stable. If it be understood that in such cases the party aggrieved will be confined to his remedy by motion to quash in the court of law, unless by the averments of his bill it appears that it would afford him inadequate relief, or for other reasons was not his appropriate remedy, it would be a saving of great expense to the litigants, and could work no injustice. The court is of opinion, therefore, to reverse the decree of the circuit court, to dissolve the injunction, and to dismiss the plaintiff’s bilí with costs, without prejudice, however to the right of the plaintiff to prosecute his remedy at law.